IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**RONALD DAVID JONES,**

    **Plaintiff,**

vs.                                                            Case No. 4:15cv85-RH/CAS

**ANN SHERMAN,**

    **Defendant.**

_____/

**ORDER and REPORT AND RECOMMENDATION**

Plaintiff, proceeding pro se, recently filed fifteen cases in this Court.[1] In this case, Plaintiff filed a civil rights complaint under 42 U.S.C. § 1983, doc. 1, a motion requesting leave to proceed in forma pauperis, doc. 4, and a motion requesting the appointment of counsel, doc. 5.

Plaintiff's in forma pauperis motion demonstrates he lives on "family owned" property, is currently unemployed, and is provided money to pay the utility bill. Doc. 4. Plaintiff did not fill out the financial affidavit completely because he did not provide any information about his most recent employer. Nevertheless, good cause has been

---

[1] The case numbers are: 4:15cv61; 4:15cv76; 4:15cv80; 4:15cv81; 4:15cv82; 4:15cv83; 4:15cv84; 4:15cv85; 4:15cv86; 4:15cv87; 4:15cv88; 4:15cv89; 4:15cv90; 4:15cv104; and 4:15cv105.

shown and Plaintiff's in forma pauperis motion, doc. 4, is **Granted**.  The Clerk of Court shall file the complaint without requiring payment of the filing fee.

Plaintiff's complaint, doc. 1, has been reviewed and is insufficient as filed.  The complaint is not on court forms as is required by the local rules of this Court.  N.D. Fla. Loc. R. 5.1(H).  In addition, Plaintiff did not file a notice of the pendency of other or prior similar actions as required by N.D. Fla. Loc. R. 5.1(G).  That rule states: "Whenever the newly filed case involves issues of fact or law common with such issues in another case currently pending in this district, or if the case was previously terminated by any means and has now been refiled without substantial change in issues or parties, the party filing the case shall file a 'Notice of Pendency of Other or Prior Similar Actions' containing a list and description thereof."  *Id.*  As explained below, this case involves issues of fact which are in common with case 4:14cv332-RH/CAS.  A notice should have been filed.

The complaint also does not comply with Federal Rule of Civil Procedure 10(b).  Pursuant to Rule 10(b), all statements "shall be made in numbered paragraphs, the contents of which shall be limited as far as practicable to a statement of a single set of circumstances."  Fed. R. Civ. P. 10(b).  Plaintiff's complaint consists of just two paragraphs which are not limited to a single set of circumstances.

The complaint alleges that in July 2008, Plaintiff met with Ann Sherman concerning his utilities bill.  Doc. 1 at 1.  Ultimately a dispute over this bill and payments made resulted in the filing of a police report, issuance of an arrest warrant, and Plaintiff's arrest in March 2012 for theft of utilities.  The basis of his arrest was contact made in June of 2008 with Officer Centeno by two city workers who advised that the residence of 1821 McKelvy Street was supposed to be without utility services.  *Id.*

Plaintiff contends that he met with Ann Sherman to discuss the case, who shouted at him and spoke loudly to embarrass him. *Id.* at 2. Sherman told Plaintiff to go to the police station to get the police report and she refused to give it to him.

Plaintiff's complaint does not demonstrate that his constitutional rights were violated. These allegations are based on the same factual events as Plaintiff presented in case number 4:14cv332. *See* doc. 1 of that case. Plaintiff named Ann Sherman as a Defendant in that case, as well as every other person who had even the most remote involvement in either turning off his utilities, his dispute over the utilities bill, or Plaintiff's arrest for theft of utilities. *See* case number 4:14cv332. Plaintiff has already been advised in that case that his claims were insufficient and a Report and Recommendation is pending to dismiss that case because Plaintiff does not have a viable claim for either false arrest or malicious prosecution. Plaintiff's claims remain deficient in this case. Plaintiff does not present facts against any other person which state a plausible § 1983 claim based on these events. Plaintiff's complaint should be dismissed with prejudice.

Accordingly, it is

**ORDERED:**

1. Plaintiff's motion for leave to proceed in forma pauperis, doc. 4, is **GRANTED**.

2. The Clerk of Court shall file the complaint without requiring payment of the filing fee for this case.

## RECOMMENDATION

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's complaint, doc. 1, be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2) and that all pending motions be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on February 27, 2015.


    S/     Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**